## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

YOLANDA CALHOUN,                        )
                                        )
    Plaintiff,                  )
                                        )
v.                                      )        Case No. CIV-25-794-SLP
                                        )
THE GREENS AT LAKE OVERHOLSER,          )
and JESSICA JEFFRIES,                   )
                                        )
    Defendants.                 )

## **O R D E R**

Before the Court are two related motions to dismiss.  First, Defendant The Greens at Lake Overholser filed a Motion to Dismiss [Doc. No. 12] and Defendant Jessica Jefferies filed a Special Appearance and Motion to Dismiss.[1]  Plaintiff has not responded to either Motion, and the time do so has passed.[2]   For the reasons that follow, the Motions to Dismiss are GRANTED IN PART and DENIED IN PART.  Further, pursuant to 28 U.S.C. § 1915(e)(2), the Court screens the remaining claims in the Complaint and finds dismissal is appropriate.

---

[1] The Federal Rules of Civil Procedure do not recognize special appearances.  *Cf. Helms v. Sorenson*, No. CIV-14-1003-W, 2015 WL 1569181, at *1 (W.D. Okla. Apr. 7, 2015) ("Rule 12 . . . abolished the distinction between general and special appearances in 1938, and these labels have no legal significance.").

[2] Notwithstanding this Court's local rules, which grant the Court discretionary authority to deem the Motions confessed, *see* LCvR 7.1(g), the Tenth Circuit requires a district court "to still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.  *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

## I.      <u>Background</u>[3]

Plaintiff Yolanda Calhoun, proceeding pro se and in forma pauperis, brings this action against The Greens at Lake Overholser ("The Greens") and Jessica Jeffries, Community Director.  Plaintiff asserts claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq., arising from events beginning in November 2022 and culminating in Plaintiff's eviction on March 20, 2023.[4]  Specifically, Plaintiff alleges that Defendants retaliated, harassed, and threatened to evict Plaintiff when she notified Defendants that chemical spraying in her unit would aggravate allergies associated with a disability.  She further alleges that Defendants continued to retaliate after the eviction by claiming she owed rent, eviction costs, attorney's fees, and other charges not awarded in the state eviction judgment, and that these alleged actions resulted in the denial of rental applications by future landlords.  As a result, Plaintiff incurred costs related to hotels, storage, and other expenses during her displacement and suffered emotional harm.  The Court, therefore, liberally construes Plaintiff's Complaint to assert claims for violation of the FHA based on disability discrimination, failure to accommodate, and retaliation.

---

[3] The Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to [Plaintiff]." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014)).

[4] The Court takes judicial notice of the publicly available state court docket in *The Greens at Lake Overholser v. Calhoun*, Case No. SC-2023-310, District Court of Canadian County, Oklahoma, which reflects that a Journal Entry of Forcible Entry and Detainer was filed on March 13, 2023, and an Execution and Writ of Assistance was served on Plaintiff on March 20, 2023.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007) (exercising discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009).

Procedurally, Plaintiff initially filed suit asserting similar claims in this Court. *See Calhoun v. The Greens at Lake Overholser*, Case No. CIV-25-141-SLP ("*Calhoun I*"). In *Calhoun I*, Plaintiff filed her initial complaint on February 19, 2025. After Plaintiff failed to timely serve Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court issued an Order to Show Cause. [*Calhoun I*, Doc. No. 10]. Plaintiff did not respond. On June 5, 2025, the Court dismissed that action without prejudice on two separate grounds: (1) pursuant to Rule 4(m) for failure to effect timely service and (2) pursuant to Rule 41(b) failure to comply with the Court's Order to Show Cause. *See* [*Calhoun I*, Doc. No. 11]. Plaintiff then filed the present action on July 17, 2025.

Both Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. Nos. 12, 16]. The Greens moves to dismiss on the grounds that (1) Plaintiff's FHA claims are barred by the statute of limitations, and (2) the Court should decline to exercise supplemental jurisdiction over any state law claims if the FHA claims are dismissed. [Doc. No. 12]. Defendant Jeffries moves on the additional ground of insufficient service of process under Rule 12(b)(5). [Doc. No. 16]. Plaintiff has not responded to either Motion and has filed nothing in this action since approximately September 2025.

## II.   Governing Standards

### A. Motion to Dismiss

In addressing a Rule 12(b)(6) motion, a court accepts all well-pleaded factual allegations of the complaint as true, views those allegations in the light most favorable to the plaintiff, and resolves all reasonable inferences in the plaintiff's favor. *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). But a complaint "cannot rely on labels or conclusory

3

allegations." *Id.* Instead, it "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A Rule 12(b)(5) motion challenges the plaintiff's mode or method of serving process on the objecting party. *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citation omitted). "In her motions, letters, and supporting briefs, Plaintiff need only make a prima facie showing that service was proper under Rule 4." *Cumby v. SSM Health*, No. CIV-25-255-R, 2025 WL 2701508, at *2 (W.D. Okla. Sept. 22, 2025) (citations omitted). However, the plaintiff bears the burden of showing compliance with all statutory and due process requirements. *Craig*, 2010 WL 680857, at *1 (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" rather than dismiss the action. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

As a pro se litigant, Plaintiff is entitled to a liberal construction of her Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even so, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Furthermore, a pro se litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). And the Court will not assume the role of

advocate on behalf of a pro se litigant. *See Kincaid v. Unified Sch. Dist. No. 500, Kansas City, Kansas*, 94 F.4th 936, 947 (10th Cir. 2024).

### B. Screening Complaints of Plaintiffs Proceeding In Forma Pauperis

Because Plaintiff proceeds in forma pauperis, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and the Court may sua sponte dismiss the Complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007) (indicating that a court uses same analysis for complaint's sufficiency whether performed *sua sponte* or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

### III.    Discussion

#### A. Defendants' Motions to Dismiss

##### 1. Statute of Limitations

Defendants move for dismissal on the ground that Plaintiff's FHA claims are barred by the applicable statute of limitations. The FHA requires that a private plaintiff file suit "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Plaintiff was evicted on March 13, 2023, and the present Complaint was filed on July 17, 2025, approximately four months after the limitations period expired. Accordingly, to the extent Plaintiff's claims under the FHA are based on the eviction or pre-eviction conduct, those claims are untimely.

Plaintiff's filing of a prior lawsuit does not change this result. As Defendants note, courts have held that "the timely filing of a lawsuit which is subsequently dismissed

without prejudice does not toll, or 'pause' the running of the statute of limitations." *Chaney v. Wal-Mart Stores Inc*., No. CIV-16-111-R, 2016 WL 4083502 (W.D. Okla. Aug. 1, 2016), *aff'd*, 677 F. App'x 494 (10th Cir. 2017); *see also Bee v. Whirlpool Corp.*, No. 13-CV-200-JHP-PJC, 2013 WL 5351082, at *1 (N.D. Okla. Sept. 24, 2013); *Collins v. McHugh*, No. 14-CV-526-JHP, 2015 WL 4111324 (E.D. Okla. July 7, 2015) ("state tolling and saving provisions are not applicable" to a federal statute of limitations to a federal claim) (internal citations omitted).   Thus, Plaintiff's pre-eviction claims are dismissed pursuant to Rule 12(b)(6) as time-barred.[5]

The same analysis, however, is not necessarily applicable to Plaintiff's assertion that Defendants continued retaliation after the eviction by Defendants "claiming Plaintiff[] owes past rent, eviction costs, and attorneys fees, and fees for damages."  Compl. [Doc. No. 1] at 3.  Although Plaintiff does not include any details as to the timing of the ongoing retaliation, her Complaint implies that the conduct was still occurring through at least the date she filed the Complaint on July 17, 2025.  Thus, the Court declines to find that any claim stemming from the allegation of post-eviction retaliation is time-barred.

---

[5] Plaintiff did not file a response to the Motions and therefore, has not invoked equitable tolling and forfeits any such argument.  *See Dale v. Equine Sports Med. & Surgery Race Horse Serv., PLLC*, 836 F. App'x 657, 664 (10th Cir. 2020).  Even if the Court were to apply equitable tolling, Plaintiff's pre-eviction claims would remain untimely.  When Plaintiff filed *Calhoun I* on February 19, 2025, twenty-nine days remained on the two-year limitations period before it expired on March 20, 2025.  Under equitable tolling principles, the limitations clock would have paused upon that filing and resumed upon dismissal of *Calhoun I* on June 5, 2025, leaving Plaintiff twenty-nine days — until July 4, 2025 — within which to refile.  *See Chaney*, 2016 WL 4083502, at *2 (unpublished).  Plaintiff filed the present action on July 17, 2025—thirteen days after that deadline. Accordingly, Plaintiff's pre-eviction claims are time-barred even under the most generous application of equitable tolling principles, and the Court need not determine whether equitable tolling is available as a threshold matter.

### 2. *Service on Defendant Jeffries*

Defendant Jeffries additionally moves for dismissal on the basis of insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). She asserts that Plaintiff's attempted service was inadequate under Rule 4(e) because Plaintiff attempted to serve Ms. Jeffries at The Greens' business address but did not serve her personally at that location. Resp. [Doc. No. 16] at 4–5. Thus, she argues that Plaintiff's attempt to serve Defendant Jeffries is ineffective. *See* Fed. R. Civ. P. 4(e) (permitting service by personal delivery on the individual, service at the individual's dwelling with a suitable resident, service on an authorized agent, or service pursuant to state law). The Court agrees.

As no response was filed to Defendant Jeffries' Motion, the Court deems the factual representations made therein confessed. *See* LCvR 7.1(g). "Further, Plaintiff bears the burden of demonstrating that [s]he complied with all statutory and due process requirements in opposing a Rule 12(b)(5) motion." *Childers v. Town of Valley Brook*, No. CIV-22-759-G, 2023 WL 6380014, at *2 (W.D. Okla. Sept. 29, 2023) (granting a 12(b)(5) motion as confessed where the plaintiff did not respond) (citation and internal quotations omitted). Thus, based upon the current record, the Court concludes Plaintiff has not met her burden and Defendant Jeffries is entitled to relief pursuant to Federal Rule of Civil Procedure 12(b)(5).[6]

---

[6] Because the Court concludes herein that Plaintiff fails to state a claim for the claims that are not time-barred, the Court declines to allow Plaintiff an additional opportunity to cure the service defects and finds dismissal is appropriate.

**B. Section 1915(e)(2) Screening**

Under the FHA, "it is unlawful to discriminate against a 'buyer or renter because of a handicap,' 42 U.S.C. § 3604(f)(1), or to coerce, intimidate, threaten, or interfere with a person's exercise or enjoyment of any right granted or protected by the FHA, *id.*, § 3617." *Morgan v. Carrington Mortg. Servs.*, 719 F. App'x 735, 743 (10th Cir. 2017). "[A] plaintiff makes out a prima facie case of intentional discrimination under the FHA[] merely by showing that a protected group has been subjected to explicitly differential—i.e. discriminatory—treatment." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995). "To state a plausible claim under the FHA, a plaintiff must allege a causal connection between her disability or protected activity and the alleged adverse action." *Id.* (citing *Wilson v. Warren Cty.*, 830 F.3d 464, 467-68 (7th Cir. 2016) (affirming dismissal under Rule 12(b)(6) because plaintiff claiming violations of §§ 3604(f)(1) & 3617 failed to plausibly allege that adverse action was "because of his disability")). To state a § 3617 retaliation claim, a plaintiff must allege that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022).

Even under a liberal construction, Plaintiff fails to meet the mark on any of the elements of a Fair Housing Act claim under § 3617. She asserts Defendants violated the FHA by retaliating against her when they evicted her as well as in their efforts to collect

8

on eviction costs and fees.  She further asserts future landlords have used her eviction and owed amounts as a reason to reject rental applications.  However, this conclusory allegation fails to connect the alleged interference directly to her disability or a protected activity.  Plaintiff does not allege that Defendants personally informed the future landlords of any issues, and more fundamentally, Plaintiff does not allege that Defendants were motivated by the intent to discriminate.  Finally, while Plaintiff states she has a disability, she provides no factual detail as to the nature of the disability aside from a reference to allergies.  Thus, from the face of the Complaint, it is not clear that Plaintiff has a "handicap" as defined by 42 U.S.C. § 3602 that would entitle her to the protections of the FHA.

In short, Plaintiff includes no well-pled *facts* connecting the alleged retaliation of eviction or collection efforts to discrimination based on her membership in a protected class. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A complaint must contain "enough facts to state a claim to relief that is plausible on its face.").  She further fails to allege any facts supporting causation and intent.  As such, the Complaint does not comply with the pleading requirements of Rule 8, and should be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (same).  Accordingly, Plaintiff fails to state a claim for retaliation stemming from both the eviction, itself, and any ongoing post-eviction conduct.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 12, 16] are GRANTED IN PART and DENIED IN PART.  The Motions are granted as to Plaintiff's claims for discrimination, retaliation, and failure to accommodate under the FHA which are based on conduct arising out of or prior to the eviction.  Those claims are DISMISSED WITH PREJUDICE as time-barred.[7]  The Motions are denied as to claims for post-eviction retaliation under the FHA.

IT IS FURTHER ORDERED that Plaintiff's claims for post-eviction ongoing retaliation under the FHA are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

A separate judgment of dismissal shall be filed contemporaneously.

IT IS SO ORDERED this 1st day of May, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[7] "Dismissal of a claim, with prejudice, is appropriate where the claim is barred by a statute of limitations." *Lester v. Minnesota Life Ins. Co.*, No. 13-CV-443-JED-PJC, 2014 WL 183937, at *2 (N.D. Okla. Jan. 14, 2014) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1181, 1193 (10th Cir. 2010) (affirming dismissal with prejudice of claims based on allegations showing claims were barred by statute of limitations).